# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHARLES E. THOMAS (# 48785),**          **PETITIONER**

v.          **No. 4:07CV19-P-B**

**CHRISTOPHER EPPS, ET AL.**          **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Charles E. Thomas for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

Charles E. Thomas was convicted of one count of burglary and two counts of rape in the Circuit Court of Sunflower County, Mississippi, and was sentenced as a habitual offender to serve terms of fifteen years for the burglary and twenty years for each of the rape convictions. Cause No. 90-10, 190, Circuit Court of Sunflower County, Mississippi, Order of March 2, 1991. The court ordered the sentences to run concurrently – to be served in the custody of the Mississippi Department of Corrections. *Id.* On December 1, 1994, the Mississippi Supreme Court affirmed the petitioner's convictions and sentences.[1] *Thomas v. State*, 645 So. 2d 1345 (Miss. 1994)(Cause No. 91-KA-0289-SCT). The petitioner did not pursue a petition for writ of

---

[1] The circuit court permitted the petitioner to file his appeal out of time by entered on March 20, 1991.

*certiorari*. The petitioner filed an application for state post-conviction relief on October 9, 1995. The Mississippi Supreme Court denied the application on December 15, 1995.

**One-Year Limitations Period**

Resolution of the instant petition rests with 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

As the narrow exceptions of § 2244(d)(1)(B-D) do not apply in this case, the AEDPA requires that the instant petition for a writ of *habeas corpus* petition be filed within one year of the date that the petitioner's judgment of conviction becomes final – subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Cantu-*

*Tzin v. Johnson,* 162 F.3d 295 (5th Cir. 1998), *cert denied,* 119 S.Ct. 847 (1999). The petitioner's convictions became final on March 1, 1995, when the time for seeking *certiorari* review in the United States Supreme Court expired (ninety days after his convictions were affirmed on direct appeal). *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

However, the AEDPA's one-year time limit does not begin to run against a state prisoner prior to the statute's date of enactment, April 24, 1996. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). As such, all convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's period of limitation. *Id.* The petitioner did not file an application for state post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) between April 24, 1996, and April 24, 1997. As such, he does not enjoy the benefit of statutory tolling.[2] *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998).

The petitioner was not actively misled nor prevented in some extraordinary way from asserting his rights; as such, he has not proven any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). In the arguments raised in his petition, the petitioner claims that he is actually innocent of the crimes for which he is charged. A mere *claim* of actual innocence does not warrant equitable tolling. *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002)*; see also United States v. Riggs,* 314 F.3d 796, 800, fn 9 (5th Cir. 2003); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000). In addition, the petitioner has not made a *showing* of actual innocence that might provide a basis to toll the limitations period, because he has not provided any new, reliable evidence to prove that he is actually

---

[2]The petitioner's October 9, 1995, application for state post-conviction relief was filed and ruled upon *prior to the commencement* of his federal *habeas corpus* limitations period; as such, tolling is inapplicable.

innocent. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000). As such, the petitioner is not entitled to equitable tolling.

Under the "mailbox rule," the instant *pro se* federal *habeas corpus* petition is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Thus, in this case, the petition was filed sometime between the date it was signed on January 12, 2007, and the date it was received and filed in the district court on January 22, 2007. Giving the petitioner the benefit of the doubt by using the earlier date, the petition in this case was filed 3,550 days after the expiration of the April 24, 1997, deadline. As such, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of November, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE